Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ALEXANDRA LÓPEZ SANTOS<br><br>Apelante<br><br>v.<br><br>ADRIÁN GARCÍA SANTOS<br><br>Apelado | KLAN202500440 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV05386<br><br>Sobre: Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidenta, la Jueza Aldebol Mora[1], la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece Alexandra López Santos (en adelante, señora López Santos o apelante) mediante un recurso de *Apelación* para solicitarnos la revisión de la *Sentencia* emitida y notificada el 15 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[2] Mediante la *Sentencia* apelada, el tribunal de instancia desestimó la demanda de autos, sin perjuicio.

Por los fundamentos que expondremos, se *revoca* la *Sentencia* apelada.

I

Esta es la *segunda* ocasión en que este Tribunal revisor tiene ante su consideración un recurso relacionado al caso del título.[3] En vista de ello, solo reseñaremos aquellos hechos pertinentes a la

---

[1] Mediante la Orden Administrativa OATA-2025-084 del 20 de mayo de 2025, se designó a la Hon. Waleska Aldebol Mora para entender y votar en el caso de epígrafe en sustitución del Hon. Abelardo Bermúdez Torres.

[2] Apéndice del recurso, a las págs. 86-88.

[3] El primer recurso apelativo recibido fue el alfanumérico KLAN202400820, en el cual se dictó Sentencia el 29 de enero de 2025. Mediante la *Sentencia* emitida, se confirmó la *Sentencia parcial* emitida por el foro de instancia el 6 de agosto de 2024, mediante la cual se ordenó el archivo de la reconvención incoada por el señor Adrián García Santos. Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la Entrada 69.

controversia ante nos. Establecido lo anterior, conviene mencionar que, el presente caso dio inicio cuando la apelante, por conducto de su representante legal, incoó una *Demanda* sobre liquidación de comunidad de bienes.[4] En el referido pliego, solicitó la liquidación de la comunidad de bienes compuesta entre las partes del título.

En respuesta, el 6 de marzo de 2023, el señor Adrián García Santos (en adelante, señor García Santos o apelado) presentó una *Contestación a demanda y reconvención.*[5] En reacción, el 17 de abril de 2025, la apelante instó una *Réplica a reconvención.*[6]

De ahí, el 7 de mayo de 2025, las partes, por conducto de sus respectivos representantes legales, presentaron el *Informe de manejo de caso.*[7] Luego, el 10 de mayo de 2025, se celebró la vista sobre conferencia inicial en la cual, entre otros asuntos, se informaron detalles sobre el estado de los procedimientos en torno al descubrimiento de prueba.[8] De igual forma, el 10 de agosto de 2023 se celebró otra vista, en la cual, entre otros temas: (i) se dispuso que el descubrimiento de prueba concluiría el 31 de octubre de 2023; (ii) se concedió un término hasta el 27 de noviembre de 2023, para presentar un escrito en el cual se desglosara la prueba que se utilizaría durante la eventual vista evidenciaria, y (iii) se señaló la conferencia con antelación a juicio.[9]

Luego, el 1ro de diciembre de 2023, las partes presentaron escritos en los cuales informaron la prueba testimonial y documental que presentarían durante la vista evidenciaria.[10] Días más tarde, el 5 de diciembre de 2023, se celebró otra vista sobre el estado de los procedimientos, en la cual quedó calendarizada, para el 20 de mayo de 2025, la vista evidenciaria para determinar cuál

---

[4] Apéndice del recurso, Exhibit 1, a las págs. 1-22.
[5] *Íd*, Exhibit 2, a las págs. 23-28.
[6] *Íd.*, Exhibit 3, a las págs. 29-39.
[7] *Íd.*, Exhibit 4, a las págs. 40-47.
[8] *Íd.*, Exhibit 5, a las págs. 48-49.
[9] *Íd.*, Exhibit 6-8, a las págs. 50-52.
[10] *Íd.*, Exhibit 7, a las págs. 53-55 y Exhibit 8, a las págs. 56-57.

fue el régimen económico que gobernó el matrimonio entre las partes.[11]

Celebrada la vista evidenciaria, el 19 de julio de 2024, el foro de instancia emitió una *Resolución*, la cual notificó el 22 de julio de 2024, mediante la cual dispuso que el régimen económico que gobernó el matrimonio de las partes fue el de separación total y absoluta de bienes.[12] Además, concedió término al señor García Santos para mostrar causa por la cual no se debía desestimar la reconvención incoada por este.

Posteriormente, el 6 de agosto de 2024, el foro de instancia emitió, y al día siguiente notificó una *Sentencia parcial,* mediante la cual ordenó la desestimación y archivo de la reconvención interpuesta por el señor García Santos.[13]

Según se desprende de los autos ante el tribunal de instancia en el SUMAC, el foro *a quo* continuó los procedimientos y emitió órdenes sobre el manejo del caso, en términos del descubrimiento de prueba y la eventual calendarización de la conferencia con antelación a juicio.[14]

En el interín, el foro de instancia fue notificado de la presentación del recurso apelativo KLAN202400820, por lo que los procedimientos quedaron paralizados. A tenor, mediante *Orden*, notificada el 12 de septiembre de 2024,[15] el tribunal *a quo* dejó sin efecto una *Orden*, emitida el 10 de septiembre de 2024, mediante la cual ordenó a las partes a mostrar causa por la cual no se les debía imponer sanciones por incumplir otra orden del 6 de agosto de 2024.[16]

---

[11] Apéndice del recurso, Exhibit 9, a las págs. 58-60.

[12] *Íd.*, Exhibit 10, a las págs. 61-68. Véase el SUMAC, a la Entrada 49.

[13] Apéndice del recurso, Exhibit 11, a las págs. 69-71. Conviene recordar que sobre este dictamen fue que el señor García Santos instó el recurso de apelación KLAN202400820, tras su inconformidad con la *Sentencia parcial* dictada y cuyo resultado fue la confirmación del dictamen apelado.

[14] Véase el SUMAC, a las Entradas 55, 57 y 58.

[15] *Íd.*, a la Entrada 60.

[16] *Íd.*, a las Entradas 55 y 58.

De ahí, el 10 de diciembre de 2024, la representación legal de la apelante instó una M*oción de renuncia a la representación legal y en cumplimiento con la Regla 9.2 de Procedimiento Civil.*[17] En respuesta, mediante *Orden* del 10 de diciembre de 2024, notificada de forma enmendada el 13 de enero de 2025,[18] se declaró *Ha Lugar* la solicitud y se ordenó a la apelante a comparecer con nueva representación legal, para lo cual se le concedió el término de treinta (30) días.

En el interín, el 14 de febrero de 2025, el apelado interpuso una *Moción en solicitud de remedios.*[19] En síntesis, esbozó que tras la apelante haber incumplido con lo ordenado, sobre comparecer representada por un abogado sin haberlo hecho, debía desestimarse el caso del título. En respuesta, mediante *Orden*, emitida y notificada el 14 de febrero de 2025, el tribunal de instancia dispuso que el asunto sería atendido cuando se recibiera el mandato del Tribunal de Apelaciones.[20]

El mandato de este Tribunal de Apelaciones relacionado al alfanumérico KLAN202400820, fue notificado el 21 de marzo de 2025.[21] Entonces, mediante *Orden* emitida el 22 de marzo de 2025, y notificada el 25 de marzo de 2025, el tribunal *a quo* ordenó a la apelante a comparecer con representación legal, para lo cual, le concedió un término perentorio de veinte (20) días so pena del archivo del caso.[22]

De lo que sigue, el 15 de abril de 2025, el foro *a quo* emitió y notificó la *Sentencia* objeto de este recurso de apelación.[23] Mediante el antedicho dictamen, el tribunal de instancia desestimó sin

---

[17] Véase el SUMAC, a la Entrada 62.
[18] *Íd.*, a la Entrada 63. La notificación original fue emitida el 11 de diciembre de 2024, pero no le fue notificada a la señora López Santos. A tenor, se enmendó la notificación para incluir a la señora López Santos mediante notificación enmendada del 13 de enero de 2025.
[19] Apéndice del recurso, Exhibit 16, a las págs. 82-83.
[20] *Íd.*, Exhibit 17, a la pág. 84.
[21] Véase el SUMAC, a la Entrada 69.
[22] Apéndice del recurso, Exhibit 18, a la pág. 85.
[23] *Íd.*, Exhibits 19 y 20, a las págs. 86-87 y 88, respectivamente.

perjuicio la demanda instada por la apelante, al amparo de la Regla 39.2(a) de Procedimiento Civil.[24] El foro de instancia concluyó que su determinación se basó en el incumplimiento de la apelante con las órdenes del tribunal y ante su falta de interés en la tramitación del caso.

Días más tarde, e insatisfecha con lo resuelto, el 25 de abril de 2025, la apelante, esta vez, por conducto de un representante legal, presentó una *Moción asumiendo representación legal y en solicitud de reconsideración.*[25] En el escrito, compareció el licenciado Jesús M. Jiménez, quien solicitó ser admitido como representante legal de la apelante. Esgrimió de forma sucinta el trámite procesal desde que la señora López Santos quedó sin representación legal hasta que, previo a que la sentencia apelada fuese notificada, esta visitó su oficina legal con el fin de contratarlo y que, en el término de reconsideración, solicitaba que se dejara sin efecto la sentencia desestimatoria y se ordenara la continuación de los procedimientos, incluyendo la calendarización de la conferencia con antelación a juicio.

En respuesta, mediante *Resolución*, emitida el 25 de abril de 2025, y notificada el 28 de abril de 2025, el tribunal de instancia denegó la solicitud de reconsideración.[26] El tribunal recurrido concluyó en su denegatoria a reconsideración que la apelante no fue proactiva en la tramitación de su caso y que fue su falta de interés la que conllevó el archivo de la causa de acción.

En desacuerdo, el 15 de mayo de 2025, compareció la apelante mediante un recurso de *Apelación* en el cual esbozó la comisión de los siguientes tres (3) errores:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO SIN PERJUICIO SIN ANTES APLICAR UNA SANCIÓN ECONÓMICA O DARLE LA OPCIÓN A LA PARTE DEMANDANTE A QUE SE

---

[24] 32 LPRA Ap. V, R. 39.2.
[25] Apéndice del recurso, Exhibit 21, a las págs. 89-93.
[26] *Íd.*, Exhibit 22, a las págs. 94-96.

REPRESENTARA ASÍ (SIC) MISMA, ESTO COMO MEDIDA PARA PERSUADIR A LA PARTE DEMANDANTE ANTES DE RECURRIR A LA SANCIÓN DE LA DESESTIMACIÓN.

**SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONSIDERAR LA SANCIÓN DE LA DESESTIMACIÓN TENIENDO YA CONOCIMIENTO EN DICHO ESCRITO QUE LA PARTE DEMANDANTE HABÍA CONTRATADO REPRESENTACIÓN LEGAL.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR LA SANCIÓN MÁS SEVERA DE LA DESESTIMACIÓN DEL CASO LA CUAL TIENE LA CONSECUENCIA DE QUE SE TENGA QUE VOLVER A LITIGAR LA CONTROVERSIA RESUELTA SOBRE LA VALIDEZ DE LAS CAPITULACIONES MATRIMONIALES.

Mediante *Resolución*, emitida el 21 de mayo de 2025, quedamos enterados en torno a la notificación del recurso apelativo y concedimos a la parte apelada hasta el 16 de junio de 2025, para presentar su alegato en oposición.

Habiendo decursado el término concedido al apelado para postura en torno al recurso instado sin haberlo hecho, procederemos a disponer del recurso sin el beneficio de su comparecencia.

II

#### A. Recurso de Apelación

La Regla 52.2 (a) de Procedimiento Civil,[27] así como la Regla 13(A) del Reglamento del Tribunal de Apelaciones,[28] disponen que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello, quiere decir que no admite justa causa, es improrrogable y que su incumplimiento es insubsanable.[29] Por otra parte, es menester acentuar que la correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[30] De manera que, si la sentencia no fue notificada conforme a derecho, el

---

[27] 32 LPRA Ap. V, R. 52.2 (a).
[28] 4 LPRA Ap. XXII-B, R. 13 (A).
[29] *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 7 (2000); *Arriaga v. FSE,* 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA,* 106 DPR 357, 360 (1977).
[30] *Rodríguez Mora v. García Lloréns,* 147 DPR 305, 309 (1998).

Tribunal de Apelaciones no tendrá jurisdicción para atender la misma, ya que el recurso instado ante este foro será prematuro.[31]

Ahora bien, el término de treinta (30) días para acudir en alzada, antes señalado, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[32] En tal caso, el término para apelar se contará a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[33] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que, en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción.[34] En consecuencia, el foro apelativo no debe pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[35] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[36] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[37]

---

[31] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[32] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.
[33] *Íd.*
[34] *Dávila Nievez v. Meléndez Marín*, 187 DPR 750, 770 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).
[35] *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 434 (2013).
[36] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra, a la pág. 572.
[37] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).

## B. La Desestimación y la Imposición de Sanciones.

En nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[38] A esos efectos, los tribunales deben optar por desestimar un pleito con perjuicio excepcionalmente y en casos extremos.[39] Ello, puesto a que la aludida sanción es la más drástica que puede imponer un tribunal, toda vez que tiene el efecto de una adjudicación en los méritos, y, por ende, cosa juzgada.[40] De manera que, la misma, usualmente, se reserva para sancionar la dejadez e inactividad de un litigante.[41]

Por otra parte, cabe señalar que, cuando un tribunal desestima un pleito, tiene la discreción para determinar que esta será sin perjuicio. De este modo, se posibilita una posterior presentación de la misma reclamación. Ahora bien, si el juzgador no especifica el efecto de la desestimación, generalmente, se entenderá que es con perjuicio.[42]

Asimismo, se hace necesario acentuar que, a la hora de imponer sanciones, por el incumplimiento de órdenes o por la inactividad de una parte, la desestimación del pleito debe ser el último recurso a emplearse.[43] En vista de ello, es menester que el tribunal sea progresivo en el uso de sanciones disciplinarias. Es decir, las sanciones deben ir de menor a mayor grado de severidad, para no afectar de plano la reclamación de una parte.[44]

Para cumplir con lo anterior, el juzgador de instancia debe seguir el orden de prelación de la Regla 39.2 (a) de Procedimiento

---

[38] *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021); *Mejías v. Carrasquillo,* 185 DPR 288, 298 (2012).

[39] *VS PR, LLC v. Drift-Wind,* supra, a la pág. 264; *Banco Popular v. SLG Negrón,* 164 DPR 855, 864 (2005).

[40] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 272-273; *Banco Popular v. SLG Negrón,* supra, a la pág. 864.

[41] *VS PR, LLC v. Drift-Wind,* supra, a las págs. 272-273.

[42] *Íd.*

[43] *Díaz Rivera v. AEELA,* 210 DPR 974, 978 (2022); *Amaro González v. First Federal Savings Bank,* 132 DPR 1042, 1051-1052 (1993).

[44] *Díaz Rivera v. AEELA,* supra, a la pág. 978.

Civil, antes de ordenar la desestimación de un pleito como sanción.[45] La antedicha regla establece que:

> [s]i el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
>
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.[46]

Siendo así, la imposición de tan drástica sanción, como la desestimación, se reserva para aquellos casos extremos en los que no hay duda alguna de la irresponsabilidad o contumacia de la parte contra quien se toma la sanción.[47] Así, pues, la desestimación de un pleito como sanción, en circunstancias meramente ordinarias, resulta extremadamente lesiva por la consecuencia que lleva: privar a un ciudadano de su día en corte.[48] Por tanto, la desestimación procederá "*únicamente* después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que esta no sea corregida".[49]

En consideración a lo expuesto, cuando una parte expone las razones por las cuales no se deba desestimar el caso como sanción, el tribunal debe hacer un balance entre "la necesidad del tribunal

---

[45] *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 820 (2023); *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982).
[46] Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (a).
[47] *Amaro González v. First Federal Savings Bank,* supra, a las págs. 1051-1052.
[48] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* 205 DPR 689, 700-701 (2020); *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823, 829-830 (1962).
[49] *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 223 (2001). (Énfasis nuestro).

de supervisar su calendario, el interés público en la resolución expedita de los casos y el riesgo de perjuicio al demandado por la dilación".[50] De no demostrarse perjuicio, "[será] irrazonable ordenar el archivo".[51]

### III

En el presente caso, la parte apelante esboza que el foro primario incidió al aplicar la sanción más severa por el incumplimiento de una orden y desestimar el caso. Lo anterior, según aduce, en contravención con la norma de aplicar las sanciones menos drásticas antes de imponer la más perjudicial. Revisados los errores esgrimidos, juzgamos que pueden ser discutidos en conjunto, por lo que así obraremos.

Adelantamos que, luego de haber estudiado con detenimiento el expediente ante nuestra consideración en su totalidad, así como evaluado minuciosamente los autos ante el TPI en SUMAC, disponemos que le asiste la razón a la apelante. Abundamos.

De entrada, acentuamos que, si bien los jueces están facultados para imponer sanciones, las cuales incluyen la desestimación de un pleito, ello no significa que dicha facultad sea desregulada. Como vimos, la Regla 39.2 de Procedimiento Civil, así como la jurisprudencia interpretativa, enmarcan las limitaciones de la imposición de sanciones en contra de las partes o sus abogados, como resultado del incumplimiento de órdenes judiciales. Asimismo, por virtud de la Regla 9.3 de Procedimiento Civil, los tribunales cuentan con la autoridad de imponer iguales sanciones y castigos a las partes que se representan por derecho propio. La referida regla dispone que *"[l]a persona que comparece por derecho propio está*

---

[50] *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 674 (1989), citando a *Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. JTS, 1985, Vol. II, Cap. VI, pág. 206.

[51] *Echevarría Jiménez v. Sucn. Pérez Meri*, supra, a la pág. 675, citando a *Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. JTS, 1985, Vol. II, Cap. VI, pág. 206.

*sujeta a que se le impongan las mismas* sanciones que la Regla 9.3 provee para los abogados y abogadas, *así* como las *consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada."*[52]

Es sabido que la desestimación como sanción procede estrictamente en aquellos casos extremos en los que el abandono de una parte de sus intereses en el pleito sea craso.[53] Lo anterior se manifiesta cuando la parte, a pesar de haber sido sancionada y apercibida de la consecuencia nefasta de que será privada de su día en corte, persiste en su contumacia, de modo que, es obvio su desinterés tanto en el pleito como en sus consecuencias.[54]

De los autos ante nuestra consideración, se desprende que el pleito ante el tribunal de instancia se encontraba en una etapa avanzada cuando la representación legal de la parte apelante solicitó el relevo de la representación legal. Entonces, el foro apelado ordenó a la parte apelante, luego de relevar a su abogado de la representación legal, a comparecer con un nuevo abogado dentro del término de treinta (30) días, so pena de que su caso fuese archivado. Posteriormente, el 14 de enero de 2025, el foro de instancia ordenó que la notificación de dicha orden fuera enmendada para que se notificara por correo postal a la parte apelante y así se hizo. Conviene mencionar que ambos eventos procesales se suscitaron mientras el caso se encontraba paralizado, puesto a que este Tribunal tenía ante su consideración el recurso de apelación KLAN202400820.

Tras recibir el mandato de este Tribunal por el antedicho caso, el tribunal de instancia concedió veinte (20) días para que la parte apelante cumpliese con la orden de comparecer con un nuevo

---

[52] 32 LPRA Ap. V, R. 9.3. (Énfasis nuestro).
[53] *Amaro González v. First Federal Savings Bank,* supra, a las págs. 1051-1052.
[54] *Mun. de Arecibo v. Almac. Yakima,* supra, a la pág. 222.

abogado. La parte apelante no cumplió con lo ordenado. Decursado dicho término, sin la comparecencia de la parte apelante, el foro de instancia dictó *Sentencia* en la que desestimó sin perjuicio la causa de acción. Puntualizamos que, si bien la parte apelante se encontraba desprovista de representación legal, no es menos cierto que el expediente ante el foro de instancia está huérfano de alguna sanción menos drástica, previo a la sentencia desestimatoria. Aun así, el foro primario concluyó que la apelante demostró abandono y desinterés.

Según visto, días más tarde, la parte apelante presentó una *Moci[ó]n Asumiendo Representaci[ó]n Legal y en Solicitud de Reconsideraci[ó]n*, en la cual compareció a través de una nueva representación legal y solicitó la reconsideración de la sentencia emitida. Allí, esgrimió que no procedía una sanción tan severa como la desestimación, la cual solo se debía decretar cuando sanciones menos drásticas hubiesen sido ineficaces y se demostrara inequívocamente la desatención de la parte con interés. En adición, señaló que había sido diligente durante todo el trámite de su caso, hasta tanto se vio en la necesidad de contratar una nueva representación legal. Por consiguiente, solicitó al foro *a quo* que dejara sin efecto la sentencia emitida.

Como vimos, la Regla 39.2 de Procedimiento Civil, así como la jurisprudencia interpretativa, exigen que los jueces agoten sanciones menos severas antes de desestimar el caso, la cual es la sanción más drástica a su alcance. Ello, no ocurrió en el caso de marras. En el presente caso, pese a que la apelante incurrió en una violación a una orden del Tribunal, no estamos ante un caso en el cual esta haya cometido incumplimientos continuos. Tampoco entendemos que su conducta, aunque no hubiese cumplido con una orden del tribunal, sea constitutiva de un abandono inequívoco de sus intereses en el pleito. Únicamente cuando una parte continúe

en su contumacia, luego de haber sido sancionada y apercibida de que su incumplimiento continuo, es que el tribunal podrá castigarla, como parte de sus facultades inherentes, con la privación de su día en corte.[55]

Toda vez que aquí el foro de instancia no sancionó con medidas menos severas a la parte apelante, sino que la apercibió que, de entrada, desestimaría el caso si incumplía con su orden, es forzoso concluir que el TPI incidió con su proceder. En consecuencia, según adelantamos, nos es forzoso concluir que los errores esgrimidos por la parte apelante fueron cometidos. Así, pues, procede revocar el dictamen apelado.

IV

Por los fundamentos que anteceden, se *revoca* la *Sentencia* apelada y se devuelve el caso al foro de instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[55] *Mun. de Arecibo v. Almac. Yakima,* supra, a la pág. 222; *Amaro González v. First Federal Savings Bank,* supra, a las págs. 1051-1052.